IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HEIDI M. TESSIER,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, Acting Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:19-cv-00401-DBP<br><br>Magistrate Judge Dustin B. Pead |

The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (ECF No. 13); *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Currently pending is Defendant Andrew Saul's ("Defendant" or "Commissioner"), Motion to Dismiss Plaintiff Heidi Tessier's ("Plaintiff" or "Ms. Tessier") federal action. (ECF No. 11.)

On October 30, 2019, the Court requested additional information on discrete issues raised in the parties' briefing. (ECF No. 16.) As requested, that briefing was submitted and upon review the court now rules as follows. (ECF No. 17, ECF No. 18.)

## BACKGROUND

On January 12, 2018, United States District Court Judge Dale Kimball remanded Ms. Tessier's case, seeking disability insurance benefits under Title II of the Social Security Act, to the Commissioner for further administrative proceedings. *See* Civil Action Number, 2:17-cv-

1

00143; (ECF No. 11-1, *Declaration of Janay Podraza*; Exhibit 1 "Notice Of Order Of Appeals Council Remanding Case To Administrative Law Judge"). On remand, Administrative Law Judge ("ALJ") Gilbert A. Martinez issued a decision on December 3, 2018, denying Ms. Tessier's claim for benefits. (ECF No. 11-1, Exhibit 2.)

On June 11, 2019, Ms. Tessier filed a federal civil action seeking review of the ALJ's decision. (ECF No. 1); *see* 42 U.S.C. § 405(g). On September 10, 2019, Defendant moved to dismiss Plaintiff's action for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 11.)

## DISCUSSION

### Plaintiff's Complaint Is Untimely and Therefore It Must Be Dismissed.

In order to pursue a timely appeal of the ALJ's December 3, 2018 decision, Ms. Tessier had two options, either: (1) file timely exceptions with the agency's Appeals Council within thirty (30) days from the date of notice of the ALJ's decision; or (2) commence a timely civil action, within one hundred twenty-one (121) days from the date of notice of the ALJ's decision. *See* 20 C.F.R. § 404.984(b); 20 C.F.R.§ 404.984(d). Ms. Tessier did neither and as a result her action is untimely and subject to dismissal.

---

[1]The sixty day time period under 42 U.S.C. § 405(g), on which Plaintiff's claim is based, represents a statute of limitation instead of a jurisdictional bar and accordingly Defendant brings a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to 12(b)(6) rather than a motion to dismiss for lack of subject matter jurisdiction pursuant to 12(b)(1). *See, e.g., Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Gossett v. Barnhart*, 139 F. Appx 24, 26 n.1 (10th Cir. 2005).

### 1. No Timely Exceptions Were Filed.

Under the first option, Ms. Tessier was entitled to file exceptions with the Appeals Council within thirty (30) days from the date of notice of the ALJ's decision. *See* 20 C.F.R. § 404.984(b).

As part of the December 3, 2018 Notice of an Unfavorable Decision, the ALJ advised Ms. Tessier that if she disagreed she could submit written exceptions to the Appeals Council, or a request additional time to do so, within "30 days of the date you get this notice." (ECF No. 11-1, Exhibit 2 "Notice of Decision-Unfavorable".) The notice further explained that the date of receipt is presumed to be "5 days after the date of the notice unless you show that you did not get it within the 5-day period." *Id., see also* 20 C.F.R. § 404.981, 20 C.F.R. § 404.982. As a result, Ms. Tessier's exceptions, or her request for additional time to file exceptions, were due by January 7, 2019---thirty (30) days from the date of notice plus five (5) days for mailing. Plaintiff exceptions, however, were not received by the Appeals Council until February 2, 2019. (ECF No. 11-1, Exhibit 1 *Declaration of Janay Podraza*, ¶(4)(b); Exhibit 3 "Request For Review Of Hearing Decision/Order".)

In a letter dated March 25, 2019, the Appeals Council informed Ms. Tessier that her exceptions were untimely, but granted her an additional twenty (20) days to submit proof of timeliness. (ECF No. 11-1, Exhibit 1 *Declaration of Janay Podraza*, ¶(4)(b); Exhibit 4.) On April 8, 2019, Ms. Tessier filed her response seeking a "good cause" waiver of the applicable time limits. (ECF No. 11-1, Exhibit 5.) In doing so, Plaintiff did not submit proof of timeliness, but sought an exception based on her inability to remember tasks and instructions. *Id.*

On May 24, 2019, Administrative Appeals Judge David E. Clark rejected Plaintiff's request for waiver and affirmed the ALJ's decision as the final decision of the Commissioner. Specifically, Judge Clark concluded:

> On February 1, 2019, we received untimely exceptions from you. On March 25, 2019, we sent you and the claimant a letter requesting proof of timely filed exceptions. On April 8, 2019, you submitted a statement alleging good cause without submitting proof of timely filed exceptions. Our regulations in 20 CFR 404.984 does [sic] not contain a good cause provision. Furthermore, the December 3, 2018 hearing decision was mailed to the correct addresses for you and the claimant, and there is no indication that you did not receive this decision.
>
> Therefore, we find that you did not send us exceptions or ask for more time to do so within 30 days of the date of the Administrative Law Judge's decision.

(ECF No. 11-1, Exhibit 6 "Letter to Ms. Tessier".)

In sum, Ms. Tessier did not file exceptions within thirty (30) days from the date of notice of the ALJ's December 2018 decision, and therefore she did not comply with the requirements of her first appeal option.

### 2. No Timely Civil Action Was Filed.

Under the second option, once the ALJ's decision became final Ms. Tessier was entitled to file a timely action in federal court. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.984(d).

In the December 3, 2018 Notice of an Unfavorable Decision, the ALJ advised Ms. Tessier that if she disagreed with the decision, she could file a civil action in federal district court within sixty (60) days after the decision became final. (ECF No. 11-1, Exhibit 2 "Notice of Decision—Unfavorable".) The notice further explained that if the Appeals Council did not assume jurisdiction on its own and if no written exceptions were filed, the ALJ's decision would

"become final on the 61st day following the date of this notice." *Id.* As a result, Ms. Tessier was required to file her federal action no later than April 3, 2019---one hundred twenty-one (121) days from the date of notice. (ECF No. 11-1, Exhibit 2 "Notice of Decision---Unfavorable"); *see* 42 U.S.C. § 205(g); 20 C.F.R. § 404.984(d). Plaintiff, however, did not file her federal civil action until June 11, 2019, sixty-nine (69) days after she was required to do so. (ECF No. 1.)

Lawsuits not commenced within the sixty-day period are properly subject to a motion to dismiss and federal courts strictly apply applicable time limitations. *See e.g., Dozier v. Bowen*, 891 F.2d 769, 770 (10th Cir. 1989); *Leslie v. Bowen*, 695 F. Supp. 504, 507 (D. Kan.1988) (dismissing complaint filed six days late); *Leetch v. Sullivan*, No. C90-1027J, 1991 WL 259261, at *2 (D. Wyo. Aug. 1, 1991) (unpublished) (dismissing complaint filed 11 days late); *Lindsey v. Chater*, No. 95-4203-SAC, 1996 WL 509635, at *1-2 (D. Kan. Aug. 30, 1996) (unpublished) (dismissing complaint filed 33 days late); *Cleland v. Colvin*, No. 2:12-cv-00684-DBP, 2013 WL 4854457, at *2 (D. Utah Sept. 11, 2013) (unpublished) (dismissing complaint filed two days late); *Butler v. Colvin*, No. 14-cv-0449-HE, 2014 WL 2896000, at *1-2 (W.D. Okla. June 26, 2014) (unpublished) (dismissing complaint filed seven days late). While the result may be harsh, federal courts have even dismissed complaints "that have missed the filing deadline by as little as one day." *Chiaradonna v. Schweiker,* 569 F. Supp. 1471, 1474 (E.D. Pa. 1983) (collecting cases dismissing complaint filed one, two, or three days late).

Here, because Ms. Tessier did not file her federal civil action within sixty (60) days after the ALJ's decision became final, she did not comply with the requirements of her second appeal option.

### **There Is No Equitable Basis For Tolling.**

The sixty (60) day period to file a civil action, as specified in section 205(g) of the Social Security Act, is a period of limitation which, in appropriate circumstances, may be equitably tolled by the Commissioner or the Court. *See Bowen v. City of New York*, 476 U.S. 467 (1986). A litigant may be entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (*quoting Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). The second prong of the equitable tolling test is met "only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe. v. United States,* 136 S. Ct. 750, 756 (2016).

Ms. Tessier argues she is entitled to equitable tolling because she pursued her rights diligently despite suffering from severe psychological and neurocognitive impairments. While sympathetic to Ms. Tessier's challenges, the court concludes that Plaintiff does not present any extraordinary circumstances beyond her control that would trigger equitable tolling. Indeed, throughout this process Plaintiff has been represented by counsel who acknowledged the untimely exceptions and sought to establish "good cause" for the late filing. (ECF No. 11-1, Exhibit 5.) Further, even without knowing the outcome of her request with the Appeals Council, Ms. Tessier could have filed a timely complaint in federal court. Plaintiff does not address her failure to do so and equitable tolling does not apply.

### **The Appeals Council Letter Is Not A Final Decision.**

Finally, relying upon *Smith v. Berryhill*, Ms. Tessier argues that the "Appeals Council Dismissal dated May 24, 2019, is the 'final decision' of the Social Security Administration" and consequently Plaintiff's June 11, 2019 federal action, filed eighteen (18) days later, was timely.

139 S. Ct. 1765 (2019). Plaintiff's assertions, however, are incorrect as *Smith* is both procedurally and factually distinguishable from the present matter.

In *Smith*, the ALJ issued a written decision denying Plaintiff Ricky Lee Smith's ("Mr. Smith") application for disability benefits. 139 S. Ct. at 1773. Thereafter, Mr. Smith mailed a timely letter requesting Appeals Council review of the ALJ's decision. *Id.* The Social Security Administration ("Administration"), however, asserted that it did not receive Mr. Smith's letter and dismissed his claim as untimely. *Id.* The Sixth Circuit affirmed the Administration's dismissal, but the United States Supreme Court reversed holding that where the Appeals Council "has dismissed a request for review as untimely after a claimant has obtained a hearing from an ALJ on the merits, that dismissal qualifies as a 'final decision . . . made after a hearing' within the meaning of §405(g)." *Id*. at 1780.

Procedurally, Plaintiff's case is distinguishable from *Smith* because it was previously remanded from federal court. Under such circumstances Ms. Tessier was not required to file the same path as Mr. Smith and instead had two options to challenge the ALJ's decision, either: (1) file exceptions with the Appeals Council; or (2) proceed directly to federal court after the ALJ's decision became final. *See* 20 C.F.R. § 404.984(b); 20 C.F.R. § 404.984(d). Under the second option, Ms. Tessier was not required to file anything with the Appeals Council and the Notice of Decision explained that the ALJ's decision would become final on the sixty-first (61) day following the date of the notice if the Appeals Council did not assume jurisdiction and if Plaintiff did not file exceptions with the Appeals Council. Once the ALJ's decision became final, Plaintiff had an additional sixty (60) days within which to file a timely complaint. *Id.; see also* 42 U.S.C. § 405(g). Thus, unlike *Smith*, filing exceptions with the Appeals Council was a choice that Ms. Tessier was free to exercise, not a predicate for judicial review.

Factually, Plaintiff's case is also distinguishable. In *Smith* the court was concerned about failing to provide a party with "recourse to the courts when . . . a mistake [by the Appeals Council] does happen." *Smith*, 139 S. Ct. at 1770. Here, however, Ms. Tessier had recourse with the court, but failed to seek recourse in a timely manner. Instead, Plaintiff filed untimely exceptions and an untimely federal action. Thus, while *Smith* involved a "claim-ending timeliness determination from the agency's last-in-line decisionmaker[,]" Ms. Tessier's case does not, and the Appeals Council's determination that Plaintiff's exceptions were untimely did not end her claim. *Id.* at 1777. Rather, it was Ms. Tessier's decision to wait until June 11, 2019, to file in federal court that ended her claim. Unlike *Smith,* Ms. Tessier was not precluded from seeking judicial review, she simply failed to do so in a timely manner.

Finally, the Appeals Council's May 2019 letter to Ms. Tessier does not constitute a "dismissal" as the letter simply confirms that Plaintiff did not submit timely exceptions. Unlike *Smith*, where the Appeals Council had to resolve a disputed issue regarding when the claimant submitted a request for review, there is no dispute as to when Ms. Tessier submitted her exceptions. The May 2019 letter to Plaintiff was not a "final decision. . . made after a hearing" because the ALJ's decision became the final decision of the Commissioner on February 2, 2019—sixty-one (61) days after it was issued. *See* 20 C.F.R. § 404.984.

## CONCLUSION & ORDER

Ms. Tessier's complaint was filed after the sixty (60) day statute of limitations had run and Plaintiff does not present any equitable basis for tolling of the limitations period. 42 U.S.C. § 405(g). Accordingly, Plaintiff's complaint is time barred and the court grants Defendant's motion to dismiss with prejudice. (ECF No. 11.)

Dated this 18th day of November 2019.

_____
Dustin B. Pead
U.S. Magistrate Judge